**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Larry L Watson, et al.,<br>Plaintiffs,<br>v.<br>Permobil Incorporated, et al.,<br>Defendants. | No. CV-26-04336-PHX-DWL<br>**ORDER** |

On April 24, 2026, Plaintiffs filed a complaint in Maricopa County Superior Court naming three defendants: (1) Permobil, Inc. ("Permobil"); (2) Max Mobility, LLC ("Max Mobility"); and (3) United Seating and Mobility, LLC d/b/a NuMotion ("NuMotion"). (Doc. 1-1 at 5-20.) On May 4, 2026, NuMotion was served. (Doc. 1 ¶ 26; Doc. 1-1 at 35.) On May 21, 2026, Permobil and Max Mobility were served. (Doc. 1 ¶¶ 23, 25; Doc. 1-1 at 37, 39.) On June 19, 2026, Permobil and Max Mobility jointly filed a notice of removal based on diversity jurisdiction. (Doc. 1.) The notice acknowledged that NuMotion had been served but did not specify whether NuMotion consented to removal. (*Id.* ¶ 26.)

Now pending before the Court is Plaintiffs' motion to remand. (Doc. 13.) Plaintiffs invoke the "rule of unanimity" set forth in 28 U.S.C. § 1446(b)(2)(A) and argue that because NuMotion had already been served by the time of removal but the removal notice does not state whether Permobil and Max Mobility obtained NuMotion's consent to removal, "Permobil and Max Mobility failed to meet the rule of unanimity under the strict construction of the removal statute." (*Id.* at 2-3.)

On July 28, 2026, seemingly in response to Plaintiffs' motion to remand, NuMotion—which had already filed a post-removal answer (Doc. 8)—filed a formal notice of consent to removal. (Doc. 14.) Afterward, Permobil and Max Mobility filed a response to the motion to remand. (Doc. 15.) They argue that they had no practical way to contact NuMotion's counsel to obtain consent before removal and, at any rate, NuMotion promptly provided post-removal consent, first by filing an answer then by filing a formal notice of consent. (*Id.* at 2-3.) In their reply, Plaintiff argue that none of these explanations is sufficient to cure the deficiency. (Doc. 17.)

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, the removal notice was, on its face, insufficient under § 1446(b)(2)(A) because it acknowledged that NuMotion had already been served but gave no indication as to whether NuMotion consented to removal. The Court acknowledges that Permobil and Max Mobility have now offered an explanation for their failure to obtain NuMotion's consent before filing the removal notice, but even assuming that this explanation is otherwise persuasive (something that Plaintiffs dispute) and further assuming that it is possible to overcome § 1446(b)(2)(A)'s unanimity requirement by proffering an explanation as to why obtaining unanimous consent from co-defendants before removal was impracticable,[1] the explanation must be provided in the removal notice

---

[1] In *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261 (9th Cir. 1999), the Ninth Circuit held that it may be possible to overcome the unanimity requirement by providing an explanation for the failure to obtain a served co-defendant's consent: "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Id.* at 1266. However, *Prize Frize* was decided before the 2011 amendment to § 1446. It is therefore unclear whether this passage of *Prize Frize* remains good law. *See generally Dominguez v. Werner Enterprises, Inc.*, 2025 WL 3493892, * (C.D. Cal. 2025) ("[T]he December 7, 2011, amendments to § 1446(b) codified the unanimity rule. Prior to that date, the unanimity rule was a judge-made rule, which permitted judge-made exceptions. However, following Congress' codification of the unanimity rule, courts no longer retain discretion to apply any exceptions to the unanimity rule that were not enacted by Congress. Because § 1446(b)(2)(A) does not contain any statutory method for curing deficiencies, it is doubtful that the Court may imply one . . . .") (cleaned up). *See also Chavez v. Chen*, 2026 WL 396166, *3 (D.N.M. 2026) ("The text of the removal statute does not provide district courts discretion to overlook a party's procedural failures unless the district court finds bad faith").

itself. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (citing a treatise for the proposition that "the *notice of removal* should expressly indicate why one or more defendants have not joined in the removal notice") (emphasis added). Because the removal notice here provided no explanation for NuMotion's lack of consent, the removal notice was insufficient. *See, e.g.*, *Weiss & Moy PC v. Berg*, 2022 WL 130968, *3 (D. Ariz. 2022) ("The Court agrees with Plaintiffs that this matter must be remanded due to the Bruno Defendants' failure to comply with § 1446's 'rule of unanimity.' . . . [T]he amended [removal] notice contained no information whatsoever about whether Vintner—a defendant that had clearly been served by the time the amended notice was filed—consented to the removal effort. Although the Bruno Defendants belatedly attempted, in their response to the motion to remand, to provide an explanation for the absence of this information in the amended notice of removal, Ninth Circuit law is clear that the explanation must be set forth in the removal notice itself."); *Goldenberg v. Vantage Travel Servs., Inc.*, 2021 WL 2002430, *2 (C.D. Cal. 2021) ("[T]he Court concludes that the Notice of Removal violates the unanimity rule of Section 1446(b)(2)(A). It is undisputed that both Vantage and Insperity were served with the Summons and Complaint prior to the filing of the Notice of Removal on March 26, 2021. However, despite that, only Vantage . . . filed the Notice of Removal. The Notice of Removal does not indicate that Insperity 'consented to or joined in' the removal. In addition, the Notice of Removal does not 'include a sufficient explanation for the absence of a joinder by' Insperity or any reason why its joinder was not necessary.") (citations omitted); *Allen v. Wells Fargo Bank NA*, 2014 WL 11497805, *3 (D. Ariz. 2014) ("In its Notice of Removal, Wells Fargo did not mention the rule of unanimity or explain the absence of Argent Mortgage. Thus, the notice 'plainly and simply' fails to meet the requirements of 28 U.S.C. § 1446(a)."); *Parking Concepts, Inc. v. RSUI Group, Inc.*, 2009 WL 2973118, *3 (C.D. Cal. 2009) ("The instant notice of removal suffers from an even more glaring deficiency than did the notice of removal in *Prize Frize*. In *Prize Frize*, the removing defendants included some sort of explanation as to why they failed to obtain the consent of the other defendants. Here, by

contrast, there is no mention whatsoever of the rule of unanimity or Lloyds' attempts to comply with it. Thus, like the notice of removal in *Prize Frize*, the applicable notice of removal 'plainly and simply' fails to meet the removal requirements of 28 U.S.C. § 1446(a).").

Permobil and Max Mobility also contend that any defect was cured via NuMotion's post-remand filings. At first blush, the Ninth Circuit's decision in *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), would seem to support that position—*Destfino* held that "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Id.* at 957. But the "problem is that *Destfino* was decided in January 2011, before the December 7, 2011, amendments to § 1446(b) codified the unanimity rule in § 1446(b)(2)." *Hollingsworth v. Terra Kai Organics, Inc.*, 2026 WL 1383110, *4 (D. Or. 2026). Although "there is a split among district courts," "the majority position, especially in recent years, is that *Destfino* does not stand for the proposition that a procedurally defective removal may be cured by untimely, even if pre-judgment, consent." *Id.* at *4 (citing cases). *See also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152 (2nd Cir. 2021) ("All of the cases cited by the defendants [allowing post-removal consent] except one . . . predated Congress's codification of the rule of unanimity in 2011. When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service. Where, as here, Congress provides no exceptions to the rule, we are not at liberty to create one."). The Court has agreed with that majority position in the past, *Weiss*, 2022 WL 130968 at *3, and continues to agree with it now.

If, per the post-*Destfino* majority rule, consent may not be filed at any point before entry of judgment, what is the deadline? District courts in the Ninth Circuit have adopted "three different rules for calculating the timeliness of consent": (1) "[s]ome courts have found that the deadline to consent expires thirty days after the last date of actual receipt of service by any defendant"; (2) "[o]thers have ruled that earlier-served defendants must

consent to removal within a later-served removing defendant's thirty-day period for removal"; and (3) "[s]till other courts have found that the deadline for consent falls thirty days after receipt of the petition for removal." *Comm'r of Ins. for Nev. v. Ironshore Specialty Ins. Co.*, 2026 WL 381891, *4 (D. Nev. 2026). In the Court's view, the third option is inappropriate because it is not tethered to the statutory language and would lead to perverse outcomes, as explained in more detail in *Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, *5-6 (D. Haw. 2017). As for the first and second options, it is unnecessary to choose between them here because NuMotion's consent would be untimely under either approach. This is true even assuming that the answer NuMotion filed on July 2, 2026 (Doc. 8) was intended to function as a consent—it was still filed more than 30 days after NuMotion (May 4, 2026), Permobil (May 21, 2026), and Max Mobility (May 21, 2026) were served.[2]

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 13) is **granted**. This action is **remanded** to the Maricopa County Superior Court.

Dated this 19th day of August, 2026.

Dominic W. Lanza
United States District Judge

---

[2] The Court further notes that one additional principle weighing in favor of remand here is that "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).